PEOPLE, PLAINTIFF AND APPELLEE, *v.* ROMERO, DEFENDANT
AND APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in
in a Prosecution for Murder in the Second Degree.

No. 1436.—Decided December 23, 1919.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE.—A new trial will not be granted on
the ground of newly discovered evidence when the evidence could have been
discovered before the trial by the exercise of reasonable diligence.

ID.—INSANITY—EVIDENCE.—When a motion for a new trial is made on the ground
that the defendant was insane when he committed the crime, the appellate
court should be shown at least that at the new trial the appellant could prove
such insanity.

The facts are stated in the opinion.

*Mr. José de Jesús Tizol* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The appellant has presented no brief, but at the hearing
two questions were earnestly presented to the attention of
the court. The appellant had made a motion for a new trial
on the ground of newly discovered evidence tending, as
counsel maintained, to show the insanity of the defendant
at the time of the commission of the murder in the second
degree of which appellant was convicted. The trial court
refused to grant the motion. Not so much error is alleged
but an appeal to our discretion is made and we are asked
to give appellant a real opportunity to prove her insanity.
The second question raised was that the imprisonment for
seventeen years was excessive.

Whether or not a person is or is not insane at the time
of the commission of an alleged crime is a matter that may
readily arise in the mind of an attorney. With reasonable
diligence he can find the evidence tending to show such in-
sanity. We can of course imagine a case where such insanity
did in fact exist and the proof of it could not be discovered
until after the trial, but ordinarily this is not so. The slight-
est inquiry among the relatives of the defendant in this case

would have brought forth the newly discovered facts on which counsel relies. The appellant's case has not been brought within the number where the facts could not have been obtained with due diligence.

Even, however, if diligence had been shown, no such showing has been made otherwise of even a probability that the defendant was suffering from insanity at the time of the crime. We have examined the affidavits presented with the motion for a new trial and they do not present a sufficient case to justify us in going contrary to the finding of the court below.

After a trial courts must be reluctant to grant a new trial on the ground of newly discovered evidence.

We appreciate the sincerity of the appeal to our discretion and the desire of counsel to do his whole duty to his client. While we may have the power we have no authority to order a new trial in the absence of a legal showing stronger than the one here presented. There is not the slightest probability shown that in a new trial the insanity of the defendant could be proved and otherwise she is not entitled to a new trial. If in point of fact counsel or friends could show the insanity of the defendant, ways are open to have a different kind of revision of her case.

On the other hand, it being presumed that appellant was sane, we find no reason in the record to go contrary to the judgment of the court in fixing the sentence at seventeen years.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.